# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABNER RAMOS PEREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-26-721-D |
| SCARLET GRANT, WARDEN, | ) |
| et al., | ) |
| | ) |
| Respondents.[1] | ) |

## REPORT AND RECOMMENDATION

Petitioner Abner Ramos Perez, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. The

---

[1]    Chris Gantt is now the Warden of the Cimarron Correctional Facility. The Court replaces him as a Respondent for Scarlet Grant. Fed. R. Civ. P. 25(d). Warden Gantt is not a federal official, so the Government has not filed its response on his behalf. Doc. 8, at 1 n.2.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Government responded, Doc. 8, and Petitioner did not reply. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226 within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of Guatemala who has been in immigration detention since February 16, 2026. Doc. 8, at 1, 11. Petitioner arrived in the United States on an unknown date and in an unknown place. *Id*. Ex. 1. He did not encounter border officials and was neither inspected nor paroled into the country. *Id*.

On February 16, 2026, Immigration and Customs Enforcement (ICE) officials encountered Petitioner during a traffic stop in Oklahoma City, Oklahoma. *Id*. at 11 & Ex. 2, at 2. ICE arrested him on an I-200 warrant and transported him to the Oklahoma City ICE facility for processing. *Id*. Ex. 2, at 2; Ex. 3. On that same date, the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA) placing him into removal proceedings. *Id*. Ex. 1. DHS charged him as removable under § 212(a)(6)(A)(i)

of the Immigration and Nationality Act (INA).[4] Petitioner has submitted a 42B

Application for Cancellation of Removal and Adjustment of Status with the

Immigration Court (IC). *Id.* at 11 & Ex. 4. His removal proceedings are

"pending" and the IC has not set a hearing date. *See Ambner Ronaldo Ramos*

*Perez,*[5] https://acis.eoir.justice.gov/en/caseInformation (last visited June 25,

2026).[6]

## II.    Petitioner's claims.

Petitioner asserts his detention violates INA regulations and the Due

Process Clause because he never received notice of why he was arrested or

detained. Doc. 1, at 7. He also asserts his detention violates the Administrative

---

[4]    This section is codified in the United States Code at 8 U.S.C.
§ 1182(a)(6)(A)(i). Section 1182(a)(6)(A)(i) provides that a noncitizen who is
present in the United States without being admitted or paroled, or who arrived
in the United States at any time or place other than as designated by the
Attorney General is ineligible to be admitted to the United States. *Id.*
§ 1182(a)(6)(A)(i).

[5]    Petitioner's first name appears to be misspelled in the court records. *See*
Doc. 8, at 1 n.1.

[6]    The undersigned takes judicial notice of Petitioner's removal
proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir.
2009) (exercising discretion "to take judicial notice of publicly-filed records in
[this] court and certain other courts concerning matters that bear directly upon
the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d
1204, 1192 n.5 (10th Cir. 2007)).

Procedure Act (APA) because the Government has not "provided [him] with any notification of [his] removal proceedings or of [his] eligibility for [an] individualized bond hearing." *Id*. He seeks his "immediate release through an order of supervision, or an alternative." *Id*. at 8.

### III.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   Discussion.

Respondents argue Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) as an "applicant for admission" and his request for a bond hearing or release is barred by "the INA's jurisdiction channeling and stripping provisions." Doc. 8, at 7-14. Respondents "acknowledge this Court's prior rulings and understand the same holding will likely be applied in this case."

4

*Id.* at 7 n.3 (citing *Garcia Munoz v. Grant*, CIV-26-544-D, 2026 WL 1078862 (W.D. Okla. Apr. 20, 2026), and *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176 (W.D. Okla. Dec. 16, 2025)).

**A.    This Court has jurisdiction to consider Petitioner's claims.**

The Supreme Court has clarified that 8 U.S.C. § 1226 does not provide a jurisdictional bar where a petitioner is "not asking for review of an order of removal[, is] not challenging the decision to detain them in the first place or to seek removal[, and is] not even challenging any part of the process by which their removability will be determined." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). So this Court's review of whether Petitioner is properly detained under § 1226 is not barred by 8 U.S.C. § 1252(b)(9). *See, e.g.*, *Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (reviewing detention under § 1226(c) and holding that § 1252(b)(9) did not "present a jurisdictional bar" to review (quoting *Jennings*, 583 U.S. at 294)). Nor is it barred by 8 U.S.C. § 1252(g). *See Colin*, 2026 WL 3645176, at *2 ("[B]ecause Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *see also Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) ("Petitioner's claim that Respondents are

detaining him without a bond hearing in violation of the INA does not divest the Court of jurisdiction.").

**B.    Section 1226 is applicable to Petitioner's detention and entitles him to a bond hearing.**

Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226. Doc. 8, at 14-19. The Court should disagree.

Respondents acknowledge that "this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz*, 2026 WL 1078862, at *1 (citations omitted). "Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute 'seeking admission' for purposes of § 1225(b)(2)(A)." *Id.* (citations omitted).

Petitioner has been residing in the United States for an unknown length of time and was present in the country when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Id.* at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.*

The Court should grant Petitioner's petition in part and order Respondents to provide Petitioner with a "prompt bond hearing under []

§ 1226(a), or release Petitioner." *Id.*; *see, e.g., Colin,* 2025 WL 3645176, at \*6 ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### C. The Court should deny Petitioner's APA claim.

Petitioner asserts Respondents also violated the APA. Doc. 1, at 7. But because Petitioner's claims for relief "'necessarily imply the invalidity' of [his] confinement," his claims "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.,* 604 U.S. 670, 672 (2025); *see also id.* at 674 ("[G]iven 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (Kavanaugh, J. concurring); *Soberanes,* 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas." (citing *Zadvydas,* 533 U.S. at 687)). The Court should deny Petitioner's request for relief under the APA.

### D. The Court should decline to address Petitioner's due process claim.

Given the undersigned's recommendation as to the disposition of Petitioner's claim for relief under the INA, the undersigned recommends the

7

Court decline to address the merits of Petitioner's due process claim, Doc. 1, at 7. The Court can grant him the relief he seeks under § 1226(a). *See Colin*, 2026 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.**

**The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order.** Counsel for Respondents should also promptly provide a copy of the Court's order to Counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 30, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 25th day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").